**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC. | : | |
| Plaintiff, | : | C.A. No. 01-511-L |
| v. | : | |
| A.T. CROSS COMPANY, RAYTHEON COMPANY, NATIONAL GRID USA f/k/a BLACKSTONE VALLEY ELECTRIC CO., and GENERAL CABLE CORP. f/k/a CAROL CABLE CO., | : | |
| Defendants. | : | |

**DEFENDANT RAYTHEON COMPANY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, ANSWER TO CROSS-CLAIMS, AND COUNTERCLAIM**

## ANSWER

Defendant Raytheon Company hereby answers the Third Amended Complaint as follows:

1-9. Paragraphs 1 through 9 of the Third Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 1 through 9 require a response, Defendant denies the allegations set forth therein.

10. Defendant admits that it is a person within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21) and denies the remaining allegations of this paragraph as it relates to Defendant. Defendant is without sufficient knowledge or information to respond to this paragraph as it relates to other defendants and therefore denies the remaining allegations set forth in paragraph 10.

11. There is no paragraph 11 in the Third Amended Complaint.

12-32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 12 through 32 of the Third Amended Complaint and therefore denies the same.

**COUNT I**
**COST RECOVERY PURSUANT TO 42 U.S.C. § 9607**

33. Defendant incorporates by reference its answers to paragraphs 1 through 32 as if fully set forth herein.

34. Paragraph 34 of the Third Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 34 requires a response, Defendant denies the allegations set forth therein.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 35 of the Third Amended Complaint and therefore denies the same.

36. Paragraph 36 of the Third Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 36 requires a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Third Amended Complaint and therefore denies the same.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Third Amended Complaint and therefore denies the same.

38. Paragraph 38 of the Third Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 38 requires a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set

forth in paragraph 38 of the Third Amended Complaint and therefore denies the same.

39-40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 39 and 40 of the Third Amended Complaint and therefore denies the same.

41. Defendant denies each and every allegation in paragraph 41 as it relates to this Defendant. Defendant is without sufficient knowledge or information to respond to this paragraph as it relates to the other defendants and therefore denies the remaining allegations set forth in paragraph 41 of the Third Amended Complaint.

**COUNT II**
**CONTRIBUTION PURSUANT TO CERCLA**

42. Defendant incorporates by reference its answers to paragraphs 1 through 41 as if fully set forth herein.

43-46. Paragraphs 43 through 46 of the Third Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 43 through 46 require a response, Defendant denies the allegations set forth therein.

47. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 of the Third Amended Complaint and therefore denies the same.

48-49. Paragraphs 48 and 49 of the Third Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 48 and 49 require a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 48 and 49 of the Third Amended Complaint and therefore denies the same.

50. Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations set forth in paragraph 50 of the Third Amended Complaint and therefore denies the same.

51. Paragraph 51 of the Third Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 51 requires a response, Defendant denies the allegations set forth therein.

**COUNT III**
**DECLATORY JUDGEMENT**

52. Defendant incorporates by reference its answers to paragraphs 1 through 51 as if fully set forth herein.

53-54. Paragraphs 53 and 54 of the Third Amended Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 53 and 54 require a response, Defendant denies the allegations set forth therein.

55-56. Defendant denies each and every allegation set forth in paragraphs 55 through 56 as they relate to this Defendant.

57. Paragraph 57 of the Third Amended Complaint contains legal conclusions to which no response is required. To the extent that paragraph 57 requires a response, Defendant denies the allegations set forth therein.

**First Defense**

The Third Amended Complaint is barred by the applicable statute of limitations, including, without limitation, 42 U.S.C. § 9613(g)(3).

**Second Defense**

The Third Amended Complaint is barred by laches.

**Third Defense**

To the extent that Defendant has any liability, it is liable only for its equitable share.

**Fourth Defense**

Plaintiff has failed to join indispensable parties.

**Fifth Defense**

The Third Amended Complaint fails to state a claim upon which relief can be granted.

**Sixth Defense**

Plaintiff's claims are barred because they have failed to satisfy the prerequisites and requirements for such claims as established by the National Contingency Plan.

**Seventh Defense**

Plaintiff's claims are barred because the actions allegedly undertaken by them are and were not consistent with the National Contingency Plan.

**Eighth Defense**

Plaintiff's claims are barred or limited insofar as they seek to recover costs, damages and expenses other than "necessary costs of response" under Section 107 (a)(4)(B) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607(a)(4)(B).

**Ninth Defense**

Plaintiff's claims are barred or limited insofar as they seek to recover costs, damages, expenses and other types of relief incurred before the effective date of CERCLA (December 11, 1980).

**Tenth Defense**

Plaintiff's claims are barred or limited because the Plaintiff has failed to mitigate its damages.

**Eleventh Defense**

The alleged acts or omissions of Raytheon Company were not the legal or proximate cause of the alleged conditions or releases at the Site.

**Twelfth Defense**

Plaintiff's claims and causes of action are barred by the doctrine of unjust enrichment.

**Thirteenth Defense**

Plaintiff's claims and causes of action arc barred by the doctrine of estoppel, waiver and unclean hands.

**Fourteenth Defense**

The United States Constitution, CFRCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of Raytheon Company that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

**Fifteenth Defense**

Any costs, damages and/or expenses incurred by the plaintiff were incurred voluntarily and, therefore, any claims for contribution for said costs, damages, and/or expenses are barred.

**Sixteenth Defense**

Raytheon Company alleges all other affirmative defenses that may become available as a result of information developed through discovery or trial.

**Seventeenth Defense**

Raytheon Company is informed and believes and thereupon alleges that Plaintiff's claims are barred by the "municipal solid waste" exemption contained in 42 U.S.C. § 96O7(p), as amended.

**Eighteenth Defense**

Raytheon Company is informed and believes and thereupon alleges that Plaintiff's claims are barred by 42 U.S.C. § 9607(b)(3) because (i) the release or threatened release of hazardous substances, if any, as alleged in the Third Amended Complaint was caused solely by the acts or omissions of persons or parties other than Raytheon Company, for whom Raytheon Company was not responsible; (ii) Raytheon Company exercised due care with request to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances and (iii) Raytheon Company took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

**Nineteenth Defense**

Under Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)), the Court is directed to consider such equitable factors as the Court deems appropriate in resolving actions for contribution under CERCLA. Raytheon Company is informed and believes, and upon that basis alleges, that upon reviewing such equitable factors, the Court in this action will determine that Raytheon Company bears no responsibility for any response costs under CERCLA.

**Twentieth Defense**

Any attorney's fees claimed as damages are not recoverable under CERCLA.

**WHEREFORE**, Defendant Raytheon Company demands that the Third Amended Complaint be dismissed with prejudice and that it be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

**ANSWER TO ALL CROSS-CLAIMS**

Defendant denies the allegations of and denies liability pursuant to any and all cross-

claims that have been or may be asserted against it by any party to the within action.

**COUNTERCLAIM FOR CONTRIBUTION**

Defendant Raytheon Company ("Defendant"), by way of counterclaim against Plaintiff KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. (collectively referred to as "Plaintiff") says as follows:

**STATEMENT OF THE CASE**

1. Plaintiff has instituted this action against the Defendant, alleging that it is liable, either jointly and severally to Plaintiff, or alternatively for the Defendant's proportionate share, under Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and § 9613, respectively.

2. Plaintiff KIK Custom Products, Inc. also seeks indemnification from Defendant under the common law of Rhode Island.

3. Plaintiff also seek a declaratory judgment under CERCLA holding Defendant jointly and severally liable, or alternatively liable for the Defendant's proportionate share for response costs which allegedly have been or will be incurred in performing a Remedial Investigation/Feasibility Study at the J.M. Mills Landfill and surrounding areas in Cumberland Rhode Island (the "Site").

4. Defendant has denied any liability to Plaintiff for the relief sought in their Third Amended Complaint.

5. While denying any such liability, Defendant hereby asserts its rights of contribution against Plaintiff pursuant to CERCLA § § 9607 and 9613, as well as pursuant to the common law of Rhode Island.

**Plaintiff**

6. Plaintiff is a "person" within the meaning of Section 101(21) of CERCLA, 42

U.S.C. § 9601(21).

7. Upon information and belief, Plaintiff qualifies as persons who currently own a "facility" as defined in 42 U.S.C. § § 9601(9), (20) or owned or operated a facility during the time period in which hazardous substances, as defined under 42 U.S.C. § 9601(14), were disposed of at the facility.

8. Upon information and belief, Plaintiff qualified as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for the transport for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), which were transported to and/or disposed of at a facility as defined under 42 U.S.C. § 9601(9).

**Claims for Relief**
**COUNT I**
**(*Contribution Under* CERCLA)**

9. Defendant repeats and reiterates each and every allegation set forth in this Counterclaim at Paragraphs 1 through 8 as if fully set forth herein at length.

10. Upon information and belief, Plaintiff is liable, under Sections 107(a)(1)-(2) of CFRCLA, 42 U.S.C. §§ 9607(a)(1)-(2), as persons who currently own a "facility" as defined in 42 U.S.C. § 9601(9), or who owned or operated a facility during the time period in which hazardous substances, as defined under 42 U.S.C. § 9601(14), were transported to and/or disposed of at the facility.

11. Upon information and belief, Plaintiff is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances, as defined under 42 U.S.C. § 9601(14), or arranged with a transporter for transport for disposal or treatment, of hazardous substances, to a

"facility" as defined in 42 U.S.C. § 9601(9).

12. In the event that it is determined that the Defendant is liable for damages sought by Plaintiff, the Defendant is entitled to a judgment pursuant to 42 U.S.C. § 9613(f)(3)(B), allocating such costs among Plaintiff and the Defendant and any other persons adjudged liable under CERCLA for such damages based on such equitable factors as this Court deems appropriate.

**COUNT II**
***(Claim for Declaratory Judgment)***

13. Defendant repeats and reiterates each and every allegation set forth in this Counterclaim at Paragraphs 1 through 12 as if fully set forth herein at length.

14. There is a present and actual controversy between Plaintiff and the Defendant concerning the Defendant's obligation to reimburse Plaintiff for response costs allegedly incurred and which they allegedly will incur at the Site and regarding Plaintiff's obligation to contribute their fair and equitable share of response costs.

15. The Defendant seeks a declaratory judgment under 42 U.S.C. § 9607(a) and 9613(f) and 28 U.S.C. § 2201, 2202, against Plaintiff, holding that Plaintiff is liable to the Defendant for each one's proportionate share of response costs.

**WHEREFORE**, Defendant Raytheon Company demands that judgment be entered in its favor and against Plaintiff as follows:

Declaring that Plaintiff is liable to Defendant Raytheon Company for their proportionate shares of all response costs incurred or to be incurred in connection with the Site;

Awarding Defendant Raytheon Company reasonable attorney's fees, costs and disbursements incurred in this action; and

For such other and further relief as the Court deems just and equitable.

Raytheon Company

By its attorneys,

/s/ Gregory L. Benik
Gregory L. Benik, Esq. (#1515)
BENIK & ASSOCIATES P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
(401) 454-0054
(401) 732-3550 (fax)
gbenik@jreri.com

Dated: March 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2008, I caused a copy of the within Defendant, Raytheon Company's Answer to Plaintiff's Third Amended Complaint, Answer to Cross-Claims, and Counterclaim to be sent by electronic means (ECF) to the following counsel of record:

- Karen A. Pelczarski
  kap@blishcavlaw.com
- Julie P. Barry
  jpbarry@nutter.com
- Stephen J. Brake
  sbrake@nutter.com
- Thomas C. Jackson
  Thomas.jackson@bakerbotts.com
- Mortimer C. Newton
  mortneon@gmail.com
- Dean S. Sommer
  dsommer@youngsommer.com
- Kevin J. Bristow
  KJBristow@verizon.net

- Keven A. McKenna
  KevenM@McKennaLaw.cc
- Deming E. Sherman
  Dsherman@eapdlaw.com
- Matthew F. Medeiros
  Mfm@lmkbw.com, dcabral@lmkbw.com, Kocteau@lmkbw.com
- Kristen W. Sherman
  Ksherman@apslaw.com

and by mail to the following counsel of record:

| | |
|---|---|
| Gary N. Donner, Esq.<br>Irvin M. Freilich, Esq.<br>Roberston, Freilich, Bruno & Cohen, LLC<br>One Riverfront Plaza<br>Newark, NJ 07102 | William D. Gillis, Jr., Esq.<br>Donovan & Hatem, LLP<br>Two Trade Center East<br>Two Seaport Lane<br>Boston, MA 02210 |
| Jonathan A. Murphy, Esq.<br>Lester, Schwab, Katz & Dwyer LLP<br>120 Broadway<br>New York, NY 10271-0071 | Kenneth A. Rubin, Esq.<br>Brian M. Privor, Esq.<br>Michael W. Steinberg, Esq.<br>Morgan, Lewis Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 |
| Martha A. Holt, Esq.<br>Edwards Angell Palmer & Dodge LLP<br>2800 Financial Plaza<br>Providence, RI 02903 | |

/s/ Gregory L. Benik