UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.<br>*Plaintiff*, | : | |
| v. | : | C.A. No. 01-511-L |
| A.T. CROSS COMPANY, RAYTHEON COMPANY, NATIONAL GRID USA f/k/a BLACKSTONE VALLEY ELECTRIC CO., and GENERAL CABLE CORP. f/k/a CAROL CABLE CO.,<br>*Defendants* | : | |

**PLAINTIFF'S REPLY TO THE COUNTERCLAIM OF DEFENDANT RAYTHEON COMPANY TO THE THIRD AMENDED COMPLAINT**

*First Defense*

Plaintiff KIK CUSTOM PRODUCTS, INC., f/k/a CCL Custom Manufacturing, Inc. ("KIK") hereby replies to the numbered paragraphs of the Counterclaim of defendant Raytheon Company ("Raytheon") to the Third Amended Complaint as follows:

1. KIK admits the allegations of paragraph 1.

2. KIK denies the allegations of paragraph 2.

3. KIK admits the allegations of paragraph 3.

4. KIK admits the allegations of paragraph 4.

5. KIK states that the allegations in paragraph 5 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 5 are denied.

6. KIK admits the allegations of paragraph 6.

7. KIK states that the allegations in paragraph 7 of the Counterclaim set forth a legal

conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 7 are denied.

8. KIK states that the allegations in paragraph 8 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 8 are denied.

COUNT I
*(Contribution Under CERCLA)*

9. KIK adopts its response to the allegations contained in paragraphs 1 through 8 as through fully set forth herein.

10. KIK states that the allegations in paragraph 10 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 10 are denied.

11. KIK states that the allegations in paragraph 11 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 11 are denied.

12. KIK states that the allegations in paragraph 12 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 12 are denied.

COUNT II
*(Claim for Declaratory Judgment)*

13. KIK adopts its response to the allegations contained in paragraphs 1 through 12 as through fully set forth herein.

14. KIK states that the allegations in paragraph 14 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be

required, the allegations in said paragraph 14 are denied.

15. KIK states that the allegations in paragraph 15 of the Counterclaim set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in said paragraph 15 are denied.

*Second Defense*

Raytheon's Counterclaim fails to state a claim upon which relief may be granted.

*Third Defense*

Raytheon's Counterclaim is barred by the contribution protection provisions of the Third Amended Administrative Order on Consent to which KIK is a signatory.

*Fourth Defense*

The alleged acts or omissions of KIK were not the legal or proximate cause of the alleged conditions at the Site.

*Fifth Defense*

Raytheon has caused and/or contributed to any and all releases and threatened releases at the Site, is responsible for the expenditures for which it now seeks contribution, and is liable for some or all of the costs that it seeks to recover. Raytheon therefore is not entitled to recover contribution for response costs or any other relief required in its Counterclaim.

*Sixth Defense*

Raytheon is estopped from maintaining any claims against KIK by virtue of its acts, conduct and statements.

*Seventh Defense*

Raytheon's Counterclaim is barred by the equitable doctrine of unjust enrichment.

*Eighth Defense*

Raytheon cannot recover the alleged costs, damages and other expenses that it has allegedly incurred or will incur because such recovery is barred by the doctrine of unclean hands.

*Ninth Defense*

Raytheon has not paid, and will not be required to pay, amounts in excess of its equitable respective share of response costs at the Site, and therefore, has no cause of action for contribution against KIK.

*Tenth Defense*

In the even that KIK is found liable for contribution for any costs incurred by Raytheon related to the Site, KIK is entitled to have the damages for harm be apportioned among the other parties found to be liable for such costs.

*Eleventh Defense*

To the extent that KIK may be found liable to Raytheon , KIK may not be held liable to Raytheon for more than KIK's fair and equitable share of reasonable and necessary costs of response incurred consistent with the National Contingency Plan.

*Twelfth Defense*

Raytheon is a responsible party under CERCLA and has acted negligently and is therefore responsible for a greater proportionate share of liability at the Site.

*Thirteenth Defense*

Raytheon's Counterclaim is barred by the doctrine of waiver.

*Fourteenth Defense*

KIK incorporates herein by reference as though fully set forth herein at length all

affirmative defenses set forth by other parties in the consolidated matter which may be applicable to KIK.

*Fifteenth Defense*

KIK reserves its right to assert additional affirmative defenses which become known or apparent during the discovery process.

WHEREFORE, KIK demands that Raytheon's Counterclaim be dismissed with prejudice and that it be awarded costs and reasonable attorneys' fees and such other relief as this Court may deem just and proper.

Plaintiff,
**KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.**,

By its Attorneys,

/s/ Staci L. Kolb
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

*Of Counsel:*

Jonathan A. Murphy, Esquire
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-5916
(212) 964-6611
(212) 267-5916

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2008, I caused a copy of the within to be sent by electronic means (ECF) and mailed to anyone unable to accept electronic filing.

/s/ Staci L. Kolb