UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KIK CUSTOM PRODUCTS, INC. f/k/a CCL CUSTOM MANUFACTURING, INC., Plaintiff, | : | |
| v. | : | Civil Action No. 01-511-L |
| A.T. CROSS COMPANY and RAYTHEON COMPANY, NATIONAL GRID USA f/k/a BLACKSTONE VALLEY ELECTRIC CO., and GENERAL CABLE CORP. f/k/a CAROL CABLE CO., Defendants. | : | |

**NATIONAL GRID USA'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, ANSWER TO CROSS-CLAIMS AND COUNTERCLAIMS AGAINST PLAINTIFF**

Defendant, National Grid U.S.A. f/k/a Blackstone Valley Electric Co. ("NG"), hereby responds to Plaintiff's Third Amended Complaint as follows:

**STATEMENT OF THE CASE**

1. The allegations in this paragraph constitute Plaintiffs' description of the action, to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in this paragraph constitute Plaintiffs' description of the action, to which no response is required. To the extent a response is required, the allegations are denied.

3. The allegations in this paragraph constitute Plaintiffs' description of the action, to which no response is required. To the extent a response is required, NG denies that Plaintiffs have paid more than their respective equitable shares of response costs incurred or to be incurred at, on, near, or from the Site or that NG is responsible for any share of such costs.

4. The allegations in this paragraph constitute Plaintiffs' description of the action, to which no response is required. To the extent a response is required, NG denies the allegations of this paragraph.

5. The allegations in this paragraph constitute Plaintiffs' description of the action, to which no response is required. To the extent a response is required, NG denies the allegations of this paragraph.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. NG admits the allegations of this paragraph to the extent that venue is proper insofar as NG or its predecessors have done business in this district; NG denies any association with the release or threatened releases of hazardous substances occurring in this district.

9. Admitted.

## DEFENDANTS

10. NG admits that it is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), but denies the remaining allegations of this paragraph to the extent they are directed towards it. Further answering, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to other Defendants named in this action.

11. There is no paragraph 11 in the Third Amended Complaint.

## THE NPL SITE

12. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

13. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

14. The allegations in this paragraph constitute Plaintiff's description of the action to which no answer is required. To the extent an answer is required, NG denies the allegations of this paragraph.

**RELATIONSHIP OF THE PARTIES TO AND HISTORY OF OPERABLE UNIT 1 (OU-1)**

15. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

16. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

17. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

18. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

19. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

20. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

**RELATIONSHIP OF THE PARTIES TO AND HISTORY OF THE SITE—0U-2**

21. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG admits the allegations of this paragraph.

22. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG admits the allegations of this paragraph.

23. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG admits that J. M. Mills Landfill was used for the disposal of wastes but denies that NG disposed of any wastes, including wastes containing hazardous substances, at the J.M. Mills Landfill. NG lacks knowledge or information sufficient to form a belief as to the ownership of the J.M. Mills Landfill from 1954 to 1983.

24. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG admits that the Rhode Island Department of Health closed the Lennox Street well in Cumberland, Rhode Island in 1979 and the Quinnville Well Field in Lincoln, Rhode Island, in 1979. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

25. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG admits that the Rhode Island Department of Environmental Management closed the J.M. Mills Landfill on or about June 30, 1982 and that EPA later designated the J.M. Mills Landfill as part of an NPL Site. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

26. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG is aware that cleanup operations occurred at the Site, including primarily the J.M. Mills Landfill. NG lacks knowledge or information sufficient to form a belief as to the truth of falsity of the remaining allegations of this paragraph.

27. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG is generally aware of an agreement formed among Plaintiff, Unilever Bestfoods, and EPA. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

28. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG is generally aware of a settlement formed between Plaintiff, Unilever Bestfoods, EPA, and certain Defendants. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

29. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

30. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

31. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

32. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

## COUNT I
## COST RECOVERY PURSUANT TO 42 U.S.C. § 9607

33. NG incorporates by reference its answers set forth in Paragraphs 1 through 32 as though fully set forth herein.

34. The allegations of this paragraph constitute statements of law to which no response is required.

35. The allegations of this paragraph constitute conclusions of law to which no response is required.

36. The allegations of the first sentence of this paragraph constitute conclusions of law to which no response is required. NG denies the remaining allegations of this paragraph to the extent they are directed towards it.

37. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG affirmatively states that it did not contribute wastes to the Site capable of depositing the hazardous substances listed in this paragraph in either the soil or the groundwater. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

38. The allegations of this paragraph constitute conclusions of law to which no response in required. To the extent a response is required, NG says that it is generally aware that Plaintiff has incurred "response costs" related to the Site but lacks knowledge or information sufficient to form a belief as to whether these costs are substantial or conform to 42 U.S.C. § 9601(25). NG denies the remaining allegations of this paragraph.

39. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Further answering, to the extent that the allegations in this paragraph are directed to NG, NG denies the allegations of this paragraph.

40. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Further answering, to the extent that the allegations in this paragraph are directed towards NG, NG denies the allegations of this paragraph.

41. The allegations of this paragraph constitute conclusion of law to which no response is required. To the extent a response is required, NG denies that it is a "Generator Defendant" as defined in this paragraph or in Paragraph 11 and denies the remaining allegations of this paragraph. Further answering, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to other Defendants named in this action.

## COUNT II
## COST RECOVERY PURSUANT TO CERCLA

42. NG incorporates by reference its answers set forth in Paragraphs 1 through 41 as though fully set forth herein.

43. The allegations of this paragraph constitute conclusions of law to which no response is required.

44. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NG denies all allegations of this paragraph directed towards it. Further answering, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph as they relate to the Plaintiff or other Defendants named in this action.

45. The allegations of this paragraph constitute statements of law to which no response is required.

46. NG denies all allegations of this paragraph that are directed towards it. Further answering, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph as they relate to the Plaintiff or other Defendants named in this action.

47. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG is generally aware of a settlement formed between Plaintiff and EPA. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

48. This paragraph contains no allegations against NG requiring an answer. To the extent an answer is required, NG is generally aware that Plaintiff has incurred "response costs" related to the Site but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

49. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NG denies all allegations of this paragraph directed towards it.

50. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. To the extent that the allegations of this paragraph are directed towards NG, NG denies the allegations of this paragraph.

**51.** The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NG denies all allegations of this paragraph that are directed towards it. Further answering, NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph as they relate to the Plaintiff other Defendants named in this action.

## COUNT III
## DECLARATORY JUDGMENT

52. NG incorporates by reference its answers set forth in Paragraphs 1 through 51 as though fully set forth herein.

53. The allegations of this paragraph constitute conclusions of law to which no response is required.

54. NG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph as they relate to Plaintiff or other Defendants named in this action. NG admits that an actual controversy exists between the Plaintiff and NG to the extent Plaintiff alleges NG in any way caused it to incur response costs at the Site. NG otherwise denies that an actual controversy exists.

55. The allegations in this paragraph describe the relief Plaintiff requests in this action, to which no response is required. To the extent a response is required, NG denies the allegations.

56. The allegations in this paragraph describe the relief Plaintiff requests in this action, to which no response is required. To the extent a response is required, NG denies the allegations.

57. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, NG denies the allegations of this paragraph directed towards it.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against NG.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation, including without limitation 42 U.S.C. § 9612(d)(1) or (2) and 42 U.S.C. § 9613(g)(2) or (3), and any other statute which may be revealed through discovery or at trial to be applicable to this case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands, waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

NG was never an owner or an operator of the Site or the J.M. Mills Landfill within the meaning of CERCLA, and NG never arranged for the disposal of, or transport of hazardous wastes or other wastes, or transported such wastes itself to, the Site or the J.M. Mills Landfill.

## SEVENTH AFFIRMATIVE DEFENSE

NG never used, managed, handled, stored, discharged, released and/or disposed of any materials at the Site or in the J.M. Mills Landfill that could be designated as "hazardous substances" as defined in Section 101(14) of CERCLA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged or stated any basis for its allegation that NG disposed of volatile organic compounds such as 1,1,1-trichloroethane, trichloroethylene, freon 11, and 1,2-dichloroethene; metals such as chromium, nickel, and lead; benzo(a)pyrene, chrysene, indeno(1,2,3+cd)pyrene, bis(2hexyl)phthalate, arochlors, asbestos insulation, or transite at the Site or the J.M. Mills Landfill.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged and cannot prove any facts showing that any hazardous substance NG arranged to dispose of at the Site or the J.M. Mills Landfill, which disposal NG denies, caused any release or threatened release from the Site or any of the response costs the Plaintiff allegedly incurred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot bear its burden of proof to demonstrate that the total amount of the alleged material containing hazardous substances that NG arranged for disposal or treatment of, at the Site or the J.M. Mills Landfill, which disposal NG denies, is higher than the *de micromus* exemptions set forth in 42 U.S.C. § 9607(o)(1).

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that NG's alleged contributions to the conditions at the Site or the J.M. Mills Landfill were *de minimus* or in nature, Plaintiff's claims are not cognizable in law or equity.

## TWELFTH AFFIRMATIVE DEFENSE

NG complied at all relevant times with all of the applicable statutory, regulatory, and common law requirements regarding waste disposal, transport, and storage.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event that there was a release or threatened release of hazardous substances at the Site, which release NG denies, NG alleges that (a) such release or threatened release was caused solely by an act or omission of a third party other than an employee or agent of NG, and other than one with a contractual relationship with NG; (b) if NG is found to have been a liable person, which NG denies, NG exercised due care with respect to the alleged hazardous substances concerned, taking into consideration the characteristics of such materials in light of all relevant facts and circumstances; (c) if NG is found to have been a liable person, which NG denies, NG took precautions against foreseeable acts or omissions of any third party and the consequences that could foreseeably result from such acts or omissions; (d) any release or threatened release of hazardous substances was caused by an act of God; and (e) if NG is found to have been a liable person, which NG denies, NG states that the substances or amount thereof released or threatened to be released

do not represent a long or short term danger to the public health, safety, welfare or the environment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's own negligence, misconduct, comparative fault and/or violations of applicable safety, construction, or operating standards or regulations, bars Plaintiff's claims in whole or in part pursuant to §107(c)(2) of CERCLA, the common law and/or state law.

## FIFTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiff's third claim for relief, CERCLA does not confer authority on this Court to enter an order for declaratory relief in favor of a responsible party.

## SIXTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's second claim for relief, under the equitable factors to be considered by the Court pursuant to CERCLA Section 113, 42 U.S.C. § 9613(f)(1), Plaintiff is not entitled to any contribution or other relief from NG.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under CERCLA are barred insofar as Plaintiff seeks to recover costs, expenses and damages other than response costs, as such term is defined by 42 U.S.C. § 9601(23), (24) and (25).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished to the extent they pertain to response actions which are not cost-effective and not necessary.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for reimbursement of costs is barred to the extent that those costs were incurred for remedial actions at the Site or the J.M. Mills Landfill that were neither reasonable nor appropriate, nor substantially consistent with the National Contingency Plan.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's complaint seeks reimbursement for the costs incurred by Plaintiff in response to the alleged releases and/or threatened releases at, in, or on the Site or the J.M. Mills Landfill of petroleum, crude oil, or a fraction thereof, natural gas, liquefied natural gas, or synthetic gas usable for fuel, Plaintiff may not recover as against any of the defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The normal or ordinary costs of landfill closure are not a recoverable cost under CERCLA, thereby barring Plaintiff's claims in whole or in part.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Application of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. SS 6901 et seq., or CERCLA, 42 U.S.C. SS 9601 et seq., to lawful activities occurring prior to the effective date thereof violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not expended any amount in excess of its pro rata share of liability in this case and thus has no claim for contribution against NG.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that any of the Defendants are found liable, liability is not joint and several and is divisible because there are distinct harms, there is a reasonable basis for apportioning liability, there are no exceptional circumstances present, and/or liability should be based upon the contribution, if any, of Plaintiff's proportionate share of response costs. Plaintiff's claims against NG are therefore barred in whole or in part.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If any of the Defendants is found liable to Plaintiff, each Defendant's respective share of the properly recoverable response and remediation costs must be reduced to reflect (1) each of the Defendants' respective contributions to the release or disposal of hazardous substances at the Site or the J.M. Mills Landfill, any contribution to which NG denies; and (2) each of the Defendants' respective degree of involvement in the generation, storage or disposal of any hazardous substances in, on, or at the Site or the J.M. Mills Landfill, both quantitatively and temporally, which involvement NG denies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

NG is entitled to a setoff or credit for all monies collected by Plaintiff in settlement from other Potentially Responsible Parties or Settlors.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and may be reduced by payments received from other sources and/or Plaintiff has been fully compensated for its claims by others and therefore has no remaining claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The conduct of NG was not a material element or substantial factor in bringing about the release or threatened release, thereby barring Plaintiff's claims in whole or in part.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any disposal by NG at the Site or J.M. Mills Landfill, which NG denies, has not caused or proximately caused the incurrence of any of the response or cleanup costs claimed, thereby barring Plaintiff's claims.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as a result of a superseding, intervening cause.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff have has failed to make an appropriate election of remedies.

WHEREFORE, National Grid USA., respectfully requests that the Court dismiss Plaintiff's Third Amended Complaint against it with prejudice, award National Grid USA its costs and attorneys fees, and grant it such other and further relief as the Court deems proper.

## ANSWER TO ALL CROSS-CLAIMS

NG denies the allegations of and denies liability pursuant to any and all cross-claims that have been or may be asserted against it by any party to the within action.

## COUNTERCLAIMS AGAINST PLAINTIFF

Defendant National Grid USA f/k/a Blackstone Valley Electric Co. ("NG") by way of Counterclaim against Plaintiff KIK Custom Products, Inc., f/k/a CCL Custom Manufacturing, Inc. ("Plaintiff") says as follows:

1. Plaintiff has instituted this action against NG alleging that it is liable either jointly or severally to Plaintiff, or alternatively for NG's proportionate share, under sections 107 and 113 of CERCLA, 42 U.S.C. §9607 and §9613 respectively.

2. Plaintiff also seeks indemnification from NG under the common law of Rhode Island.

3. Plaintiff also seeks declaratory judgment under CERCLA holding NG jointly and severally liable, or alternatively, liable for NG's proportionate share for response costs which allegedly have been or will be incurred in performing a Remedial Investigation/Feasibility Study at the J.M. Mills Landfill and surrounding areas in Cumberland, Rhode Island (the "Site").

4. NG denies any liability to Plaintiff for the relief sought in it its Third Amended Complaint.

5. While denying any such liability, NG hereby asserts its rights of contribution against Plaintiff pursuant to §§9607 and 9613 if CERCLA, as well as pursuant to the common law of Rhode Island.

6. Plaintiff is a "person" as defined under 42 U.S.C. §9601(2).

7. Plaintiff is an owner of a "facility" as defined under 42 U.S.C. §9601(9), (20) or who owned or operated a facility during the time period when hazardous substances, as defined under 42 U.S.C. 9601(14), were disposed of at the facility.

8. Plaintiff is a person who by contract, agreement or otherwise arranged for the transportation, disposal or treatment of hazardous substances at the facility or arranged with a transporter for the transportation, disposal or treatment of hazardous substances at the facility.

## COUNT I

(Contribution under 42 U.S.C. §9613)

9. NG incorporates by reference the allegations set forth in paragraph 1-8 of the counterclaim as if fully set forth herein.

10. Plaintiff is liable under 42 U.S.C. §§9607(a)(1)-(2) as a person who owns a facility as defined in 42 U.S.C. §9601(9), or who owned or operated a facility during the time when hazardous substances, as defined under 42 U.S.C. §9601(14), were transported to and/or disposed of at the facility.

11. Plaintiff is liable under 42 U.S.C. 9607(a)(3) as a person who by contract, agreement or otherwise arranged for disposal or treatment of hazardous substances at the facility or arranged with a transporter for transport for disposal or treatment of hazardous substances at the facility.

12. If NG is determined to be liable for damages sought by Plaintiff, then NG is entitled to contribution from Plaintiff pursuant to 42 U.S.C. §9613(f)(3)(B) and an allocation of response costs among other persons adjudged liable based on such equitable factors as this Court deems appropriate.

**COUNT II**

(Declaratory Judgment)

13. NG incorporates by reference the allegations set forth in paragraph 1-12 of the Counterclaim as if fully set forth herein.

14. There is a present and actual controversy between Plaintiff and NG concerning NG's purported obligation to reimburse Plaintiff for response costs allegedly incurred by Plaintiff and which Plaintiff allegedly will incur at the Site, and, if there is such an obligation, the equitable share for which NG is liable.

15. NG seeks a declaratory judgment pursuant to 42 U.S.C. §§9607(a) and 9613(f) and 28 U.S.C. §§2201 and 2202 that Plaintiff is liable for its proportionate share of response costs incurred at the Site.

WHEREFORE, NG respectfully requests that the Court enter judgment declaring that Plaintiff is liable to NG for its proportionate share of all response costs incurred or to be incurred in connection with the Site, award NG its costs and attorneys fees; and grant such other and further relief as the Court deems proper.

Dated: May 5, 2008.

Respectfully submitted,

/s/

Francis J. Sally (R.I. Bar ID 5324)
Andrea Peraner-Sweet (R.I. Bar ID 5241)
SALLY & FITCH LLP
One Beacon Street
15th Floor
Boston, MA 02108
Phone: (617) 542-5542
Facsimile: (617) 542-1542
E-mail: fjs@sally-fitch.com
aps@sally-fitch.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the 5th day of May 2008, I caused a copy of the within document to be sent by electronic means (ECF) to the following counsel of record:

Gregory L. Benick – gbenik@jreri.com

Karen Ann Pelczarski – kap@blishcavlaw.com

Staci L. Kolb – slk@blishcavlaw.com

Gerald J. Petros – gpetros@haslaw.com

And by mail to the following counsel of record:

Jonathan A. Murphy
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway
New York, NY 10271-5916

/s/
Andrea Peraner-Sweet(RI Bar ID #5241)
Sally & Fitch LLP
One Beacon Street
Boston, MA 02108
Tel. (617) 542-5542
Fax (617) 542-1542